IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JASON WAYNE FRIZZELL | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv26 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jason Wayne Frizzell, an inmate confined at the Boyd Unit of the Texas Department of Criminal Justice, Correctional Institutions, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for injury to a child.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner proceeded *pro se* at trial. He asserts he was denied due process of law because he was not allowed access to a law library and other resources. He also contends there was insufficient evidence to support his conviction.

With respect to the first ground for review, the Magistrate Judge found petitioner was not entitled to relief because there was no Supreme Court decision holding *pro se* defendants are entitled to access to a law library to prepare a defense.

In his objections, petitioner contends that lack of access to legal resources prevented him from receiving a fair trial. However, petitioner would only be entitled to relief in this proceeding if he established that the rejection by the state courts of this ground for review was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). Based on the authorities cited by the Magistrate Judge, the Supreme Court has never held that a criminal defendant proceeding *pro se* is entitled to access to a law library. This ground for review is therefore without merit.

Regarding the other ground for review, petitioner contends the prosecution failed to establish the complainant suffered a bodily injury. There was testimony at trial that petitioner struck the complainant in the chest, knocking him to the ground. The complaint testified the blow caused pain, left a red mark on his chest and made it difficult for him to breath. A deputy sheriff testified he observed the red mark on the complainant's chest and other minor bruises and abrasions to his face neck, knees and back. The Magistrate Judge concluded such evidence was sufficient under Texas law to demonstrate the complainant suffered a bodily injury.

Petitioner contends the injuries described at trial did not establish the complainant suffered a bodily injury. He also contends there was evidence calling the veracity of the complainant's testimony into question.

As the Magistrate Judge stated, a verdict will be upheld so long as the evidence, viewed in a light most favorable to the jury's verdict, would have permitted any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All credibility choices are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).

Section 1.07(a)(8) of the Texas Penal Code defines bodily injury to mean physical pain, illness or any impairment of physical condition. The Texas Court of Criminal Appeals has sustained a conviction where there was testimony the defendant hurt the complainant and that the complaint had a "red mark on his back," finding that such testimony demonstrated the complainant suffered a bodily injury. *Johnson v. State*, 2004 WL 314937 (Tex.Crim.App. 2004). Based on this decision,

the Magistrate Judge correctly concluded a rational trial of fact could have determined the complainant in the present case suffered a bodily injury. This ground for review is therefore also without merit.

ORDER

Petitioner's objections are accordingly **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of

encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED**  **March 9, 2019.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Ron Clark, Senior District Judge